IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTHA W. WILSON, | ) CIVIL NO. 13-00223 HG-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT DEFENDANT STANLEY |
| vs. | ) TURQUEZA'S MOTION FOR |
| | ) DETERMINATION OF GOOD FAITH |
| FRESENIUS MEDICAL CARE OAHU | ) SETTLEMENT |
| LLC; ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT STANLEY
TURQUEZA'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT[1]

Before the Court is Defendant Stanley Turqueza's Motion for Determination of Good Faith Settlement, filed on September 6, 2013 ("Motion"). ECF No. 30. The Motion seeks approval of the settlement between Plaintiff and Stanley Turqueza pursuant to Hawaii Revised Statutes ("HRS") Section 663-15.5. Defendant Fresenius Medical Care Oahu LLC ("Fresenius") filed a Statement of No Opposition and Non-appearance to the Motion on September 18, 2013. ECF No. 32. In light of Fresenius' Statement, the Court vacated the hearing set for October 9, 2013, and found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). ECF No. 33. After carefully considering the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that Defendant Turqueza's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

In this action, Plaintiff asserts claims of age and gender discrimination against her former employer, Fresenius, and claims of defamation against Defendant Turqueza.  ECF No. 1-2.  The Release and Indemnification Agreement indicates that in consideration for the release of all claims against Defendant Turqueza, Defendant Turqueza's insurance company will pay $10,000.00 to Plaintiff.  See ECF No. 30-3.

## DISCUSSION

A finding of good faith settlement discharges the settling party of liability for contribution to joint tortfeasors, and reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater."  HRS § 663-15.5(a).  A determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity.  See HRS § 663-15.5(d).  In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

>   (1) the type of case and difficulty of proof at trial . . .;
>
>   (2) the realistic approximation of total damages that the plaintiff seeks;
>
>   (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
>   (4) the predicted expense of litigation;
>
>   (5) the relative degree of fault of the settling tortfeasors;
>
>   (6) the amount of consideration paid to settle the claims;
>
>   (7) the insurance policy limits and solvency of the joint tortfeasors;
>
>   (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
>   (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 102 Haw. 399, 427, 77 P.3d 83, 111 (2003).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects the settlement was not collusive or aimed at injuring the interests of the non-settling parties. Id. HRS Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F.Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement

was not reached in good faith.  HRS § 663-15.5(b).

Given the totality of the circumstances and the absence of opposition, the Court finds that Plaintiff and Defendant Turqueza entered into settlement in good faith.  The Court has reviewed the factors set forth in <u>Troyer v. Adams</u> and the material terms of the settlement and finds that the essential terms of the settlement meet the purpose of HRS Section 663-15.5 and are reasonable and in good faith.

## CONCLUSION

After careful consideration of Defendant Turqueza's Motion, the lack of opposition thereto, and the totality of the circumstances, the Court FINDS that the settlement between Plaintiff and Defendant Turqueza is in good faith and RECOMMENDS that a determination of good faith settlement be made and that Defendant Turqueza's Motion be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 20, 2013.

Richard L. Puglisi
United States Magistrate Judge

**WILSON V. FRESENIUS MEDICAL CARE OAHU LLC, ET AL., CIVIL NO. 13-00223 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT STANLEY TURQUEZA'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

4