IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTHA W. WILSON, | CV. NO. 13-00223 HG-RLP |
| Plaintiff, | |
| vs. | |
| FRESENIUS MEDICAL CARE OAHU, LLC, | |
| Defendant. | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRESENIUS MEDICAL CARE OAHU, LLC'S MOTION FOR SUMMARY JUDGMENT (ECF No. 59)**

Plaintiff Martha W. Wilson filed a Complaint against her former employer, Defendant Fresenius Medical Care Oahu, LLC, for age and gender discrimination, hostile work environment, and negligent investigation.

Defendant Fresenius Medical Care Oahu, LLC moved for summary judgment on all claims.

At the hearing on Defendant's Motion for Summary Judgment, Plaintiff withdrew all but two claims. Plaintiff continued to allege: (1) a federal law hostile work environment claim based on gender harassment (Count II) and (2) a negligent investigation claim (Count V).

Defendant Fresenius Medical Care Oahu, LLC's Motion for Summary Judgment (ECF No. 59) is **GRANTED IN PART AND DENIED IN PART.**

Summary judgment in favor of Defendant is granted as to the negligent investigation claim (Count V).

Summary judgment in favor of Defendant is denied as to the federal law hostile work environment claim based on gender harassment (Count II).

**PROCEDURAL HISTORY**

On December 6, 2012, Plaintiff Martha W. Wilson filed a Complaint in the Circuit Court of the Second Circuit, State of Hawaii. The Complaint alleges claims against Fresenius Medical Care Oahu, LLC ("Fresenius LLC") and Stanley Turqueza. The claims against Fresenius LLC were state and federal law claims for age and gender discrimination, state and federal law claims for hostile work environment, and a claim for negligent infliction of emotional distress. The claims against Stanley Turqueza were for defamation. (Civ. No. 12-1-0945(3), Ex. A, ECF No. 60.)

On April 18, 2013, Plaintiff filed a First Amended Complaint in the State Circuit Court of the Second Circuit. In the First

Amended Complaint, Plaintiff's claim for negligent infliction of emotional distress was replaced with a claim for negligent investigation. (Ex. B, ECF No. 60.)

On May 7, 2013, Defendants Fresenius LLC and Stanley Turqueza removed the action to federal court. (ECF No. 1.)

On November 12, 2013, the claims against Defendant Stanley Turqueza were dismissed with prejudice, pursuant to a finding of good faith settlement of those claims. (ECF No. 40.) Fresenius LLC is the sole remaining defendant.

On June 6, 2014, Defendant Fresenius LLC filed DEFENDANT FRESENIUS MEDICAL CARE OAHU, LLC'S MOTION FOR SUMMARY JUDGMENT. (ECF No. 59.)

On June 20, 2014, Plaintiff filed an Opposition. (ECF No. 64.)

On July 3, 2014, Fresenius LLC filed a Reply. (ECF No. 65.)

On July 9, 2014, the Court held a hearing on the Motion. At the hearing on the Motion, Plaintiff withdrew her federal and state law claims for age and gender discrimination (Count I) and her state law claim for hostile work environment (Count II). After Plaintiff's withdrawal of claims, the remaining claims to be decided in Defendant's Motion for Summary Judgment are:

Count II:   Hostile Work Environment Based on Gender Harassment (Federal law), and

Count V:    Negligent Investigation.

## BACKGROUND

Plaintiff Martha W. Wilson brings suit against her former employer, Defendant Fresenius Medical Care Oahu, LLC ("Fresenius LLC"). Plaintiff was employed by Fresenius LLC as a Clinical Manager for its Community Dialysis Center on Lanai ("Lanai Dialysis Center"). According to Plaintiff, a dialysis patient at the Lanai Dialysis Center, Stanley Turqueza, subjected her to gender-based harassment. Plaintiff claims that Fresenius LLC failed to adequately investigate her complaints about Turqueza's conduct, and ratified Turqueza's alleged harassment by terminating Plaintiff's employment.

**Plaintiff's Employment with Fresenius LLC**

In August 2006, Fresenius LLC hired Plaintiff to work as a Clinical Manager for the Lanai Dialysis Center. (Plaintiff Tr. 78:23-25, Ex. C to ECF No. 60.) As Clinical Manager, Plaintiff was the highest-ranking employee at the Lanai Dialysis Center. (Plaintiff Tr. 62:24-63:6.) Plaintiff was responsible for coordinating all aspects of patient care, including the scheduling of patients. (Opp. Ex. 2, ECF No. 64.)

**Conflict Between Patient Stanley Turqueza and Plaintiff**

On December 13, 2010, while Plaintiff was treating a dialysis patient, Stanley Turqueza, Turqueza become angry. A

4

verbal altercation occurred between Plaintiff and Turqueza. During the altercation, Turqueza told Plaintiff "F-U, you F-ing Bitch." Plaintiff claims that she feared Turqueza was going to hit her, as he removed his blood pressure cuff and stood up while yelling at Plaintiff. (Plaintiff Tr. 152-157, ECF No. 60; H.C. Tr. 13-15, Ex. 20, ECF No. 64; Plaintiff Decl. ¶¶ 11-20, ECF No. 64.)

On December 14, 2010, Turqueza spoke about the incident to a social worker at the Lanai Dialysis Center. (Turqueza Decl. at ¶ 14.)

On December 15 and 17, 2010, Plaintiff treated Turqueza without incident. (Plaintiff Tr. 104.)

On December 20, 2010, Turqueza had a verbal altercation with another dialysis patient. The altercation resulted in Turqueza reporting the other patient to the police. Turqueza and the other patient settled their differences on the same day. (H.C. Tr. 24-27, Ex. 20, ECF No. 64; Turqueza Decl. ¶¶ 16-18.)

Later on December 20, 2010, Fresenius LLC's Director of Operations Alvin Cecil met with Turqueza to discuss his complaint about Plaintiff and Turqueza's incident with the other patient. (Plaintiff Tr. 184-185, 188-99.) The Parties dispute what occurred at the meeting.

It is undisputed that, as Turqueza was leaving the clinic after his meeting with Operations Director Cecil, Plaintiff

stopped him in the waiting area. At that time, Turqueza became upset, and again told Plaintiff, "F-U, you F-ing bitch."

The Parties dispute what else occurred between Turqueza and Plaintiff at that time.

**Turqueza's Attempt to Have Plaintiff's Nursing License Revoked**

On January 6, 2011, Turqueza attempted to have Plaintiff's nursing license revoked by filing a complaint with the Hawaii Department of Commerce and Consumer Affairs. (Turqueza Decl. ¶ 29, ECF No. 60.) Plaintiff claims that Turqueza's complaint was false.

**Plaintiff's Attempt to Alter Turqueza's Treatment Schedule**

Plaintiff claims that she repeatedly expressed her concerns to Operations Director Cecil about how Turqueza's abusive conduct needed to be addressed, but Cecil did not take any corrective action. Plaintiff claimed that, as a manager, she was concerned that Turqueza's conduct posted a safety threat to the other patients and herself. (Plaintiff Decl. ¶¶ 27-30, ECF No. 64.)

On January 31, 2011, Plaintiff contacted Operations Director Cecil and the Lanai Clinic's Medical Director about changing Turqueza's treatment time. Plaintiff wanted to change Turqueza's treatment time to avoid being alone with Turqueza in the Lanai Dialysis Center. (Plaintiff Decl. ¶¶ 27-30, ECF No. 64.)

Plaintiff claims that she believed she would be exposing herself and others to a dangerous situation if she was forced to be alone with Turqueza during his treatment. (Plaintiff Decl. at ¶¶ 27-30, ECF No. 64.)

Turqueza opposed the change in his treatment time.

Plaintiff was instructed by Operations Manager Jane Idica, at Operations Director Alvin Cecil's request, not to move Turqueza's treatment time. Plaintiff moved Turqueza's treatment time, from 11:30 a.m. to 1:00 p.m.

Plaintiff was suspended by Operations Director Cecil for moving Turqueza's treatment time, in violation of his instructions. (Plaintiff Tr. 232:2-233:9, 238-39; Idica Decl. at ¶¶ 10-22, ECF No. 60; E-mails from Plaintiff to Hanna, Feb. 1, 2011, Ex. 16 at pgs. 13-15, ECF No. 64.)

On February 1, 2011, the day after Plaintiff was placed on investigatory suspension, Plaintiff went on stress leave (Plaintiff Tr. 250.) Plaintiff was scheduled to return from stress leave on May 6, 2014. (Plaintiff Tr. 257.)

**Fresenius LLC's Decision to Terminate Plaintiff**

Plaintiff protested her suspension and continued to complain to Fresenius LLC about the need to address Turqueza's conduct.

7

In March 2011, a Fresenius LLC Ethics and Compliance Officer completed his investigation of the incidents between Plaintiff and Turqueza. (Ex. G to Gregory Decl., ECF No. 60.)

On May 6, 2011, the day Plaintiff returned from stress leave, Fresenius LLC terminated Plaintiff. (Plaintiff Tr. 258; Idica Decl. at ¶ 26.)

**Plaintiff's Claims**

Plaintiff claims that Fresenius LLC is liable for hostile work environment gender harassment, as it ratified Turqueza's alleged harassment. Plaintiff claims that Fresenius LLC failed to adequately investigate her complaints about Turqueza's conduct, and terminated Plaintiff, instead of taking corrective action toward Turqueza.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); see also National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

Plaintiff Martha W. Wilson alleges that her former employer, Fresenius Medical Care Oahu, LLC ("Fresenius LLC"), failed to

protect her from the discriminatory misconduct of a patient, Stanley Turqueza.

Defendant moves for summary judgment on the two remaining Counts in Plaintiff's Amended Complaint:

Count II: Hostile Work Environment Gender Harassment
(Federal Law Claim); and

Count V: Negligent Investigation.


**A.  Hostile Work Environment Claim (Count II)**

Title VII of the Civil Rights Act of 1964 provides, in relevant part:

> It shall be unlawful employment practice for an employer ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . .

42 U.S.C. § 2000e-2 (a)(1)(2006). Title VII guarantees the right to be free from a hostile work environment. A hostile work environment is one that is permeated with discriminatory intimidation, ridicule, and insult, that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, (1993) (quoting Meritor Sav. Bank FSB v. Vinson, 477 U.S. 57, 65-67 (1986)).

The harassing conduct supporting a hostile work environment claim based on gender need not be motivated by sexual desire. The

motivation for the harassing conduct may be a "general hostility to the presence of women in the workplace." <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 80 (1998). Gender-based conduct that is abusive, humiliating, or threatening violates Title VII when the hostile conduct "pollutes the victim's workplace, making it more difficult to do her job, to take pride in her work, and to desire to stay in her position." <u>Steiner v. Showboat Operating Co.</u>, 25 F.3d 1459, 1463 (9th Cir. 1994.)

An employer is liable for harassing conduct by non-employees where the employer knew or should have known of the conduct, but fails to take appropriate remedial measures. In such instances, the employer either ratifies or acquiesces in the harassment. <u>Freitag v. Ayers</u>, 468 F.3d 528, 538 (9th Cir. 2006)

In order to survive summary judgment on her hostile work environment claim, Plaintiff must show the existence of a genuine factual dispute as to (1) whether a reasonable woman would find the workplace so objectively and subjectively hostile to her gender as to create an abusive working environment; and (2) whether Fresenius LLC knew or should have known of the harassment, but failed to take adequate remedial and disciplinary action. <u>McGinest v. GTE Serv. Corp.</u>, 360 F.3d 1103, 1112 (9th Cir. 2004); <u>Gamez-Morales v. Pac. Nw. Renal Servs., LLC</u>, No. 05-546, 2006 WL 2850476 (D. Or. Sept. 29, 2006) aff'd, 304 F. App'x 572 (9th Cir. 2008).

### 1. Severe or Pervasive Hostile Environment

To make a prima facie showing that Plaintiff was subjected to a hostile work environment, Plaintiff must show (1) she was subjected to verbal or physical conduct because of her gender, (2) the verbal or physical conduct was unwelcome, and (3) the conduct was severe or pervasive enough to alter the conditions of her employment and create an abusive work environment. Freitag, 468 F.3d at 540.

In determining whether a hostile work environment existed, the court must consider the totality of the circumstances. Relevant factors include the frequency of the discriminatory conduct, the severity of the conduct, whether the conduct is physically threatening or humiliating or merely offensive, and whether the conduct unreasonably interferes with the employee's work performance. Harris, 510 U.S. at 23.

Plaintiff has submitted evidence in support of her claims that Turqueza verbally attacked her on two occasions, including telling her "F-U, you F-ing bitch." The two incidents occurred within a week of each other. Plaintiff has also submitted evidence to support her belief that Turqueza posed a physical threat. Plaintiff claims that Turqueza's conduct was based on her gender, as Turqueza believed he could overpower a woman. (Plaintiff Tr. 112-13, Ex. C to ECF No. 60.)

According to Plaintiff, Operations Director Alvin Cecil did not take Plaintiff's complaints about Turqueza seriously. (Plaintiff Tr. 90-91.) It is undisputed that Operations Director Cecil prohibited Plaintiff from changing Turqueza's treatment time. The prohibition required Plaintiff to continue to work with Turqueza, a patient who had repeatedly verbally abused Plaintiff and who was actively attempting to have Plaintiff's nursing license revoked.

Plaintiff has provided sufficient evidence to support finding that Turqueza's harassment was based on her gender and was sufficiently severe to alter the conditions of Plaintiff's employment.

Plaintiff has raised a genuine issue of material fact with regard to the existence of a gender hostile workplace.

### 2. Adequacy of Remedial Action

Employers are liable for failing to adequately remedy a hostile work environment, of which management-level employees knew, or should have known. Star v. West, 237 F.3d 1036, 1038 (9th Cir. 2001). An employer who knows or reasonably should have known of the harassment can avoid liability if it undertook remedial measures "reasonably calculated to end the harassment." Dawson v. Entek Intern., 630 F.3d 928, 940 (9th Cir. 2011). The reasonableness of an employer's remedial measures depends on the

employer's ability to stop the harassment and the promptness of the employer's response. Freitag, 468 F.3d at 539-40.

Fresenius LLC had actual knowledge of Turqueza's conduct toward Plaintiff. Operations Director Alvin Cecil witnessed the December 20, 2010 incident. Turqueza and Plaintiff both reported to various management-level employees about Turqueza's attempt to have Plaintiff's nursing license revoked. (Ex. G to Gregory Decl. ECF No. 60.) Plaintiff, on or about February 10, 2010, e-mailed her version of events to Fresenius LLC's Area Vice President Sherif Hanna and Employee Relations Manager Sturman. (Ex. 15 to ECF No. 64.)

Although Fresenius LLC was aware of Turqueza's harassment of Plaintiff, there is no evidence that Fresenius LLC counseled Turqueza on his conduct toward Plaintiff. Plaintiff specifically points to the fact that Turqueza was not given a Behavior Contract, warning him that misconduct could affect his ability to continue to receive treatment at the Lanai Dialysis Center.

Fresenius LLC, in addition to failing to take measures to correct Turqueza's conduct, continued to subject Plaintiff to an allegedly hostile work environment, by preventing Plaintiff from changing Turqueza's treatment time. Fresenius LLC put Plaintiff in a position of choosing between continuing to treat Turqueza at a time when Plaintiff was alone with him at the clinic, and being suspended.

Fresenius LLC has submitted evidence of its investigation into the conflict between Plaintiff and Turqueza.

Plaintiff, however, has raised a genuine issue of material fact with regard to whether Fresenius LLC undertook adequate remedial measures to end the alleged harassment by Turqueza.

Genuine issues of material fact prevent summary judgment on Plaintiff's hostile work environment claim. Defendant's Motion for Summary Judgment is **DENIED** as to Plaintiff's hostile work environment claim (Count II).

**B.     Negligent Investigation Claim (Count V)**

Plaintiff alleges, in Count V of the Amended Complaint, a claim for negligent investigation. Plaintiff asserts that her former employer, Fresenius LLC, breached its legal duty to conduct a fair and objective investigation into the alleged safety hazard posed by Stanley Turqueza. Plaintiff claims that Fresenius LLC's actions caused her to suffer emotional distress.

The Hawaii Workers' Compensation law provides the exclusive remedy for an employee to recover for a work injury against his or her employer, except for claims arising from sexual harassment or sexual assault and emotional distress or invasion of privacy related thereto. Haw. Rev. Stat. § 386-5. An injury is considered a work injury if there is a "causal connection between the injury and any incidents or conditions of employment." Tamashiro v.

16

Control Specialist, Inc., 34 P.3d 16, 20 (Haw. 2001)(defining work injury pursuant to Haw. Rev. Stat. § 386-3)(internal citation omitted). One of the primary purposes in implementing the Hawaii Workers' Compensation Scheme was to eliminate suits based on negligence in the workplace. Iddings v. Mee-Lee, 919 P.2d 263, 269-70 (Haw. 1996).

In Kamaka v. Goodsill Anderson Quinn & Stifel, 176 P.3d 91 (Haw. 2008), an attorney sued her former law firm after she was fired for fraudulent billing practices. The attorney claimed that the law firm breached its duty to properly investigate the allegations of fraudulent billing. 176 P.3d at 99-100. The Hawaii Supreme Court held that the attorney's claim was barred, because she sought recovery for emotional distress that was unrelated to sexual harassment or sexual assault. 176 P.3d at

In Antoku v. Hawaiian Elec. Co., Inc., 266 F. Supp. 2d 1233 (D. Haw. 2003), a plaintiff alleged a claim against her former employer for failing to investigate and take remedial action to ensure that alleged disability discrimination of plaintiff did not continue. The court granted summary judgment in favor the employer on the claim, as negligent-based claims are barred by Hawaii's Workers' Compensation Statute. Antoku, 266 F. Supp. 2d at 1237; Clemmons v. Hawaii Med. Servs. Ass'n, 273 F.R.D. 653, 657-59 (D. Haw. 2011)(negligence claim based on based on failure to properly handle a sexual harassment investigation barred by

17

the Workers' Compensation Statute); Mariano v. Liberty Dialysis-Hawaii, LLC, No. 11-00652, 2013 WL 560893 (D. Haw. Feb. 11, 2013)("[C]ourts have enforced the exclusivity provision to bar common law negligence claims for both physical and psychic injuries resulting from workplace conduct.").

Plaintiff's claim, similar to the above cases, seeks relief for negligent conduct and is barred by Hawaii's Workers' Compensation Statute's Exclusivity Provision. Plaintiff's claim for negligent investigation does not fall within any exception to the exclusivity provision.

Plaintiff relies upon Tseu ex rel. Hobbs v. Jeyte, 962 P.2d 344 (Haw. 1998). The case recognized the viability of a negligence claim against an administrative agency for failure to investigate, as required by its own administrative rules. Id. at 92. The Tseu case did not involve a claim against an employer, and did not address the impact of the Workers' Compensation Statute's Exclusivity Provision on such a claim.

Plaintiff's reliance on Blair v. Ing, 21 P.3d 452 (Haw. 2010), is similarly misplaced. The Blair case discussed general negligence principles, but did not involve a claim against an employer, nor did it address the Workers' Compensation Statute.

Plaintiff attempts to claim that her claim is not subject to the Workers' Compensation Statute's Exclusivity Provision, as

"[d]iscrimination by a patient . . . was not a condition required under Plaintiff's employment contract."

Plaintiff's assertion is contrary to the law interpreting the scope of the Workers' Compensation Statute. Courts look to whether there is a causal nexus between the injury and the plaintiff's employment. Tamashiro, 34 P.3d at 20. Plaintiff's claim for negligent investigation against Fresenius LLC, her former employer, is an injury that arises out of and in the course of her employment.

The Amended Complaint cites several regulations from Section 494 of Title 42 of the Code of Federal Regulations in support of Plaintiff's negligent investigation claim. The regulations identified in the Amended Complaint are set forth by the Department of Health and Human Services and govern the standards for certification for renal disease facilities participating in Medicare. 42 CFR § 494.1(b). The regulations do not provide Plaintiff with a viable negligent investigation claim against Fresenius LLC.

There are no genuine issues of material fact that the Workers' Compensation Statute's Exclusivity Provision bars Plaintiff's claim for negligent investigation. Defendant's motion for summary judgment is **GRANTED** as to Plaintiff's claim for negligent investigation (Count V).

**CONCLUSION**

Defendant Fresenius Medical Care Oahu, LLC's Motion for Summary Judgment (ECF No. 59) is **GRANTED IN PART AND DENIED IN PART.**

Summary judgment in favor of Defendant is granted as to the negligent investigation claim (Count V).

Summary judgment in favor of Defendant is denied as to the federal law hostile work environment claim based on gender harassment (Count II).

The hostile work environment claim (Count II) is the sole remaining cause of action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 15, 2014.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

---

MARTHA W. WILSON v. FRESENIUS MEDICAL CARE OAHU, LLC, Civ. No. 13-00223 HG-RLP; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRESENIUS MEDICAL CARE OAHU, LLC'S MOTION FOR SUMMARY JUDGMENT (ECF No. 59).**